GUILLERMO ESTEVES, COMMISSIONER OF THE INTERIOR, Plaintiff and Appellee, *v.* RAMÓN VALCOURT ET AL., Defendants and Appellants.

No. 4688. Argued November 5, 1928.—Decided November 13, 1928.

718

*James R. Beverley, Attorney General, Felipe Janer Jr., Assistant Attorney General,* and *F. Soto Gras,* Associate Counsel, for the appellee. *M. García González* and *E. Rincón Plumey* for the appellants.

Mr. Chief Justice Del Toro delivered the opinion of the court.

A motion has been made for dismissal of the appeal as frivolous.

It appears from the record that Ramón Valcourt brought a certain action in the District Court of San Juan against Guillermo Esteves, Commissioner of the Interior, for the delivery of a check for $718.95. While the suit was pending the plaintiff obtained possession of the check by giving security signed by him as principal and by Carmen Muñoz Díaz and Domingo Quintana as sureties.

After trial judgment was rendered against Valcourt and he appealed to this court, which dismissed his appeal.

At this stage, Valcourt having refused to return the check, Guillermo Esteves as Commissioner of the Interior, represented by the Attorney General of Porto Rico, brought an action against Valcourt and his sureties praying the court for judgment ordering them to perform the security contract by virtue of which the check was delivered to Valcourt.

The defendants filed an unverified answer and on that ground the plaintiff moved the court for a judgment on the pleadings. The motion was granted by the court and the defendants appealed, but nothing shows what they have done for the prosecution of their appeal. Notice of the motion to dismiss was given to them in July of 1928, but they have filed no answer, nor did they appear at the hearing.

Section 118 of the Code of Civil Procedure relied on by the trial court in rendering the judgment appealed from is so clear that its application to this case is evident. In part it reads as follows:

"Every pleading must be subscribed by the party or his attorney; and when the complaint is verified, or when The People of Porto Rico *or any officer of the Island, in his official capacity, is plaintiff, the answer must be verified* unless an admission of the truth of the complaint might subject the party to a criminal prosecution, or unless an officer of said Island, in his official capacity, is defendant."

When, notwithstanding the command of the law, the answer is not verified, the truth of the facts alleged in the complaint is considered as admitted and a judgment on the pleadings follows.

In *Tettamauzi* v. *Zeno,* 24 P.R.R. 724, 729, this court said: "Therefore, as the verification is valid, we have before us a case in which judgment may properly be rendered on the pleadings; and as the defendant failed to verify his answer, he admitted the truth of the allegations set up in the complaint. Sections 110, 118 and 132 of the Code of Civil Procedure; *Horton et al.* v. *Robert,* 11 P.R.R. 168, and *Delannoy* v. *Blondet,* 22 P.R.R. 219."

Such being the case, in the absence of any opposition on the part of the appellants, the appeal is obviously frivolous.

The motion of the appellee is sustained and consequently the appeal is dismissed.